UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAKARAND GADRE,

                Plaintiff,

-v-

HEXANIKA, INC.,

                Defendant.

21-CV-11221 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

Plaintiff filed the operative complaint in this matter on January 3, 2022, alleging violations of the New York City Freelance Isn't Free Act, breach of contract, and promissory estoppel.[1] (ECF No. 2.) Pending before the Court is Plaintiff's motion for default judgment (ECF No. 23) and Defendant's opposition, which the Court construes as a motion to set aside an entry of default under Rule 55(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion for default judgment is denied.

## I. Background

### A. Substantive Claims

The underlying dispute is simple: Plaintiff began working at Hexanika, Inc., a Delaware corporation, in January 2015 as a consultant and at some point was assigned the role of Chief Technology Officer. (ECF No. 2 ¶¶ 1, 4.) Plaintiff alleges that Defendant failed to pay him in full for his work, contrary to their consulting agreement, and now owes him $125,000 in unpaid wages. (*Id.* ¶¶ 12-14.)

---

[1] Plaintiff's original complaint was filed on December 31, 2021, but rejected by the Clerk of Court due to filing errors. (ECF No. 1.)

### B. Procedural History

Defendant was served with the summons and complaint on January 12, 2022, via its registered agent, which represented that it was authorized to accept service on behalf of the company. (ECF No. 13.) On May 18, 2022, the Clerk of Court issued a certificate of default based on Defendant's failure to answer or otherwise move within the allotted period. (ECF No. 21.) On August 18, 2022, Plaintiff filed a motion for default judgment. (ECF No. 23.) Following a Court order to clarify whether Plaintiff had served the motion on Defendant, Plaintiff's counsel averred that it had served the motion for default judgment on Hexanika's registered agent on September 26, 2022, in addition to notifying Hexanika's CEO, Yogesh Pandit, via email on September 23, 2022. (ECF No. 26.)

On October 25, 2022, the Court received correspondence from Pandit, requesting additional time to locate counsel to defend the company in this matter. (ECF No. 28.) Pandit, who is the 100% owner of Hexanika, claimed that he was not aware of the lawsuit against the company until receiving notice of the motion for default judgment via email in September 2022. (*Id.*) He claimed to be entirely unaware that Hexanika was represented by the registered agent that apparently accepted service of the summons and complaint and the motion for default judgment. (*Id.*) The Court granted Pandit's request, on behalf of Defendant, and set a December 30, 2022 deadline for the company's counsel to appear. (ECF No. 29.) Plaintiff was directed to provide a copy of that order to Defendant, which it apparently failed to do. (ECF No. 33.)

On December 26, 2022, Pandit informed the Court that Defendant had retained counsel (ECF No. 30), but counsel did not appear until February 2, 2023. (ECF No. 34.)

**II.	Legal Standard**

Once a party is in default, an opposition to a motion for default judgment is treated as a motion to set aside an entry of default under Rule 55(c) of the Federal Rules of Civil Procedure. *Iconic Talent LLC v. Burlington Ins. Co.*, No. 20 CV 4240 (JPO), 2020 WL 8509848, at *1 (S.D.N.Y. Dec. 17, 2020) (citations omitted).  That motion may be granted "for good cause." Fed. R. Civ. P. 55(c).

When determining whether there is "good cause" to vacate an entry of default under Rule 55(c), a district court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) the level of prejudice that the non-defaulting party might suffer should relief be granted.  *W.B. David & Co. v. De Beers Centenary AG*, 507 F. App'x 67, 69 (2d Cir. 2013) (citation omitted).  Guiding this analysis is the Second Circuit's "strong preference for resolving disputes on the merits."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (citation omitted).  Because "default judgment is the most severe sanction which the court may apply," *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005), it is "generally disfavored and [] reserved for rare occasions." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004). To that end, "all doubts must be resolved in favor of the party seeking relief from the [default]." *Green*, 420 F.3d at 104.

**III.	Discussion**

    **A. Willfulness**

In the context of the default judgment analysis, willfulness "refer[s] to conduct that is more than merely negligent or careless."  *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Default may be considered "willful where the conduct of counsel or the litigant was egregious

and was not satisfactorily explained." *Id.*  The question of willfulness is relevant to two factual issues: (1) the claim, asserted by Pandit, that Defendant never received the summons and complaint from the company publicly listed as its registered agent and (2) Defendant's failure to adhere to the December 30, 2022 deadline for the appearance of counsel on its behalf.

Corporations organized under Delaware law are required to maintain a registered agent in the state for receiving service of process.  8 Del. C. § 132(a); 8 Del. C. § 321.  "Delaware law clearly creates an affirmative duty on the part of the corporation to regularly update its contact information with its registered agent."  *LG Cap. Funding, LLC v. On4 Commc'ns, Inc.*, No. 16CV6943, 2018 WL 5020170, at *3 (E.D.N.Y. Jan. 17, 2018), *report and recommendation adopted as modified*, No. 16CV6943, 2018 WL 4583486 (E.D.N.Y. Sept. 25, 2018), *aff'd*, 796 F. App'x 57 (2d Cir. 2020).  Defendant has not explained whether the registered agent publicly associated with it was or was not, in fact, working on its behalf or what lapse in communication led to its failure to receive notice of the summons and complaint.  In any event, the Court finds that Defendant's failure to maintain an accurate public record of the correct registered agent constituted negligence or carelessness, rather than willful misconduct, because there has been no showing of an intentional attempt to evade service.  *See, e.g.*, *LG Cap. Funding*, 2018 WL 5020170, at *3 (finding that failure to properly maintain registered agent information constituted gross negligence, but not willfulness); *FedEx TechConnect, Inc. v. OTI, Inc.*, No. 12 CIV. 1674 RJS, 2013 WL 5405699, at *6 (S.D.N.Y. Sept. 23, 2013) (finding willfulness where defendant not only failed to update the Secretary of State about its new address, but also behaved evasively after receiving notice of plaintiff's legal claim).

Likewise, the Court finds that the delay in the appearance of defense counsel did not constitute egregious conduct.  Pandit states that Plaintiff's counsel did not provide him a copy of

4

the Court's November 1, 2022 order that set the December 30, 2022 deadline for counsel to appear, and that he was only notified of the missed deadline on January 17, 2023.[2] Meanwhile, Pandit notified the Court that he was going to retain counsel for Defendant on December 26, 2022. Pandit apparently began the process of retaining counsel in December 2022, but the retainer was not fully executed until January 27, 2023. While the reason for the delay in execution is not clear, the Court is not prepared to conclude that Defendant engaged in "egregious or deliberate conduct" or that there is "evidence of bad faith" in the month-long delay in fully executing the retainer. *Hartford Fire Ins. Co. v. Queens Cnty. Carting, Inc.*, No. 20 CV 01844 (NSR), 2022 WL 254367, at *3 (S.D.N.Y. Jan. 27, 2022). And because all doubts must be resolved in favor of the party seeking relief from default judgment, a finding of willfulness is not warranted.

### B. Merits

"In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *McNulty*, 137 F.3d at 740 (citation and internal quotation marks omitted). Defaulting defendants must "present more than conclusory denials when attempting to show the existence of a meritorious defense." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001).

Defendant has failed to demonstrate that it has a meritorious defense to Plaintiff's claims. Defendant provides just two potential defenses: (1) that Plaintiff has unclean hands because he failed to perform under the terms of the initial consultation agreement—by writing broken code

---

[2] Because Defendant was at the time unrepresented by counsel, the Court directed Plaintiff's counsel to provide Defendant's principal with copies of its orders via email.

that caused the software to malfunction, and (2) that Plaintiff improperly used his access to Pandit's electronic signature to forge Pandit's signature on certain—unspecified—documents filed in support of his motion for default judgment. (ECF No. 37 at 5, ECF No. 38 ¶ 20.)

Defendant's first defense is unavailing: the doctrine of unclean hands is an equitable defense that is unavailable in an action seeking money damages, such as this one. *Hudson Bay Master Fund Ltd. v. Patriot Nat'l, Inc.*, No. 16 CIV. 2767 (GBD), 2016 WL 6906583, at *7 (S.D.N.Y. Nov. 21, 2016) (citing *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 607 (2d Cir. 2005)).

Defendant's second defense is insufficient because it amounts to little more than a conclusory statement: Defendant's principal claims that "the signatures contained on some of the agreements . . . may be of Plaintiff's own making" but does not identify *which* documents may be shams or *how* Plaintiff's underlying claims fail once those documents are discounted. (ECF No. 38 ¶ 20.) This argument therefore fails as a "complete defense" to Plaintiff's claims.

Defendant has therefore failed to show that it has a meritorious defense to Plaintiff's claims.

### C. Prejudice

Delay alone is not a sufficient basis to establish prejudice to the non-defaulting party. *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Instead, there must be a showing that delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (citation omitted). Plaintiff's only contention here is that delay will increase the likelihood that Defendant will withhold or transfer away assets that could be used to satisfy an eventual judgment against it. (ECF No. 31 at 6.) The Court, however, has no concrete reason to believe that Defendant is attempting to hide its assets to

avoid satisfying a potential judgment. Nor is there any reason to conclude that further delay would create any issue with regard to evidence or the discovery process.

While Defendant has therefore shown that its default was not willful and that prejudice would not result from vacating the entry of default, it has failed to demonstrate that it has a meritorious defense to Plaintiff's claims. Some courts within this District have concluded that "the absence of a meritorious defense is, on its own, enough to support entry of default judgment." *Flect LLC v. Lumia Prod. Co. LLC*, No. 21-CV-10376 (PKC), 2022 WL 1031601, at *3 (S.D.N.Y. Apr. 5, 2022) (*citing Sony Corp v. Elm State Electronics*, Inc., 800 F.2d 317, 320 (2d Cir. 1980)). On the other hand, the Second Circuit has vacated a default judgment granted by a district court where the willfulness and prejudice prongs were not met. *Swarna v. Al-Awadi*, 622 F.3d 123, 143 (2d Cir. 2010) ("Having found that the entry of default judgment failed on both the willfulness and prejudice prongs of the factors considered in determining whether to open a default judgment, we need not address the 'meritorious defense' prong to find that default judgment was improperly granted by the District Court.").

Plaintiff's motion for default judgment presents a close call, especially given the Defendant's feeble showing of any meritorious defense. But the Court is guided by the Second Circuit's admonishment, stated time and time again, that the preferred approach is the resolution of disputes on their merits. For that reason, the entry of default judgment is inappropriate at this time.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment is denied. The entry of default (ECF No. 21) is set aside.

The Clerk of Court is directed to close the motion at ECF Number 23.

Defendant, through counsel, shall move, answer, or otherwise respond to the complaint within 21 days after the date of this Order.

SO ORDERED.

Dated: March 20, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge