UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAKARAND GADRE,

                Plaintiff,

      -v-                                  21-CV-11221 (JPO)

HEXANIKA, INC.,                     ORDER

                Defendant.

J. PAUL OETKEN, District Judge:

      "[F]ederal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted). As relevant here, Congress has granted district courts original jurisdiction over cases between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "More specifically, 'diversity is lacking . . . where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens.'" *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (quoting *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir.2002)).

      The "failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

      As noted in its previous opinion, the Court would lack subject matter jurisdiction if Defendant Hexanika, Inc. ("Hexanika") had its "principal place of business" in India, rather than

1

in Arkansas, at the time this action was filed. *See Gadre v. Hexanika, Inc.*, No. 21-CV-11221 (JPO), 2024 WL 4276225, *1 n.1 (S.D.N.Y. Sept. 24, 2024). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities"—its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). This test "focuses on where a corporation's 'high-level' decisions are made, not where day-to-day activities are managed." *Derrica v. Tura, Inc.*, No. 21-CV-8820 (VSB), 2022 WL 1421452, at *2 (S.D.N.Y. May 5, 2022) (quoting *St. Paul Fire & Marine Ins. Co. v. Scopia Windmill Fund, LP*, 87 F. Supp. 3d 603, 605 (S.D.N.Y. 2015)).

In light of the dispute over Hexanika's principal place of business, each party is directed to file a letter setting forth its position on subject matter jurisdiction by January 12, 2025, at 6:00 p.m. New York time. In addition, the parties shall be prepared to present evidence at trial on January 13, 2025, relevant to the following facts as of the time this action was filed:

- The organizational structure of Hexanika;
- The manner in which high-level corporate decisions were made;
- The names and titles of all high-level officers;
- The locations where all high-level officers worked (and the frequency with which they worked from each location);
- Their respective responsibilities in directing, controlling, and coordinating the corporation's activities; and
- Any other facts relevant to determining Hexanika's principal place of business under the "nerve center" test of *Hertz Corp. v. Friend*.

SO ORDERED.

Dated: January 10, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge